UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAM CELLARS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE WINE GROUP LLC,<br><br>    Defendant. | Case No. 19-cv-01878-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RELATE AND GRANTING THE STIPULATION TO CONSOLIDATE AND EXTEND THE CASE SCHEDULE**<br><br>Re: Dkt. Nos. 55, 58, 88 |

Currently before the Court are Plaintiff's administrative motion to relate this case to *JaM Cellars, Inc. v. The Wine Group LLC*, Case No. 20-cv-2229-CRB (N.D. Cal.) ("*Jam II*"), Dkt. No. 55, Defendant's motion to consolidate the two cases, Dkt. No. 58, and the parties' stipulation to consolidate the two cases and continue case deadlines, Dkt. No. 88. For the reasons noted below, the Court **GRANTS** Plaintiff's motion to relate, **GRANTS** the parties' stipulation to consolidate the two cases and extend the case schedule, and **DENIES AS MOOT** Defendant's motion to consolidate.

**I. BACKGROUND**

    **A.** *Jam I*, **"BUTTER"**

On April 8, 2019, Plaintiff JaM Cellars, Inc. ("JaM") filed suit to prevent The Wine Group LLC's ("TWG") use of "BUTTERY" to describe its FRANZIA "RICH & BUTTERY" brand. Case No. 19-cv-1878, Dkt. No. 1 at ¶ 20. JaM produces BUTTER Chardonnay wine, and on July 19, 2011, the United States Patent and Trademark Office ("USPTO") granted registration of the "BUTTER" mark to JaM Cellars as U.S. Trademark Registration No. 3,999,253. *Id.* at ¶ 8. Pointing largely to the size and placement of "BUTTERY" on Defendant's new "RICH & BUTTERY" product, JaM claims that Defendant's use of the mark is likely to cause consumer confusion. *Id.* at ¶¶ 29–31.

### B. *Jam II*, "JAM"

On April 1, 2020, JaM again filed suit, this time to prevent TWG's use of "JAM" to describe its FRANZIA "BOLD & JAMMY" brand. Case No. 20-cv-2229, Dkt. No. 1 at ¶¶ 24–26. JaM produces JAM Cabernet Sauvignon wine and obtained USPTO registration of the "JAM" mark as U.S. Trademark Registration No. 3,787,299. *Id.* at ¶ 8. Again, by pointing to the size and placement of "JAM" on TWG's new "BOLD & JAMMY" product, JaM alleges that "Defendant adopted the BOLD & JAMMY mark to capitalize upon the great success of the JAM Marks and to unfairly compete with the JAM brand by misleading consumers as to the origin of BOLD & JAMMY wine." *Id.* at ¶ 26.

## II. MOTION TO RELATE

Civil Local Rule 3-12(a) provides that an action is related to another when (1) "[t]he actions concern substantially the same parties, property, transaction, or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

The Court finds that the *Jam II* matter is related to this case within the meaning of Civil Local Rule 3-12(a). The cases involve the same parties and the same underlying legal claims. Additionally, although the underlying products, marks, and some portion of evidence differ, it appears likely that to avoid duplication of labor or conflicting results, the two matters should be related. Accordingly, as the judge assigned to case 19-cv-01878-HSG, JaM Cellars Inc. v. The Wine Group LLC, I find that the more recently filed case that I have initialed below is related to the case assigned to me, and such case shall be reassigned to me.

| Case | Title | Related |
|---|---|---|
| 20-cv-02229-CRB | JaM Cellars, Inc. v. The Wine Group LLC | HSG |

The parties are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re- noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules

remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

## III. STIPULATION TO CONSOLIDATE CASES

Having considered the Stipulation Consolidating Cases and Extending Case Deadlines (Dkt. No. 88, Case No. 4:19-cv-01878-HSG), it is hereby ordered that the stipulation is **GRANTED**. GOOD CAUSE appearing therefor, the cases captioned *JaM Cellars, Inc. v. The Wine Group LLC*, Case No. 4:19-cv-01878-HSG; and *JaM Cellars, Inc. v. The Wine Group LLC*, Case No. 3:20-cv-02229-CRB are hereby consolidated into *JaM Cellars, Inc. v. The Wine Group LLC*, Case No. 4:19-cv-01878-HSG.

The earlier-filed civil action, Case No. 4:19-cv-01878-HSG, shall serve as the lead case. The clerk is directed to administratively close the later-filed civil action, Case No. 3:20-cv-02229-CRB.

## IV. CASE SCHEDULE

The parties submitted a proposed an amended schedule on May 8, 2020 for the consolidated case. *See* Dkt. No. 88. The parties also propose to conduct a joint settlement conference in both cases on May 12, 2020, on the date previously set in the "Rich and Buttery" case. Finding good cause to modify the scheduling order, the Court **SETS** the following deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Date |
| --- | --- |
| Joint Settlement Conference | As scheduled by Judge Kim |
| Deadline for TWG to Answer *Jam II* Complaint | May 15, 2020 |
| Initial Disclosures | May 29, 2020 |
| **The Court **DIRECTS** the parties to refile their motion for preliminary injunction in the consolidated case (Case No. 19-cv-1878) by May 15, 2020. The briefing and hearing schedule is provided below. | |
| Opposition to Motion for Preliminary Injunction | June 1, 2020 |
| Deadline to File Amended Rule 26(f) Report | June 5, 2020 |
| Reply in Support of Motion for Preliminary Injunction | June 15, 2020 |
| Hearing on Motion for Preliminary Injunction | July 9, 2020 at 2:00 p.m. |
| Close of Fast Discovery | August 24, 2020 |

3

| Exchange Opening Expert Reports | August 28, 2020 |
|---|---|
| Exchange Rebuttal Expert Reports | September 18, 2020 |
| Close of Expert Discovery | October 9, 2020 |
| Pretrial Conference | November 24, 2020 at 3:00 p.m. |
| 5-Day Jury Trial | December 14, 2020 at 8:30 a.m. |

These dates may only be altered by order of the Court and only upon a showing of good cause. The parties are directed to review and comply with this Court's Civil Pretrial and Trial Standing Order. This order terminates Dkt. Nos. 55, 58, and 88.

**IT IS SO ORDERED.**

Dated:   5/11/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge